IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEVIN S. EPPERSON,

   Plaintiff,

v.          : Civ. No. 18-1576-CFC

T. HENLEY GRAVES, et al.,

   Defendants.

Kevin S. Epperson, SCI Somerset, Somerset, Pennsylvania, Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 10, 2019
Wilmington, Delaware

*[signature]*
CONNOLLY, U.S. District Judge:

I. **INTRODUCTION**

Plaintiff Kevin S. Epperson ("Plaintiff"), a former inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, now housed at SCI Somerset, Somerset, Pennsylvania filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

II. **BACKGROUND**

Plaintiff alleges that Superior Court Judge T. Henley Graves ("Judge Graves") and Superior Court Judge Abigail LeGrow ("LeGrow") denied him access to the courts to challenge violations of his constitutional rights. Plaintiff takes exception to rulings by Judge Graves and Judge LeGrow in his criminal trial and in petitions he filed collaterally attacking his criminal conviction.

On June 5, 2006, the Supreme Court of the State of Delaware enjoined Plaintiff from filing any claims in its court without first seeking leave after Plaintiff filed what appeared to be his eighth postconviction motion since Plaintiff's direct appeal of his criminal conviction was decided in 1997. (D.I. 5-1 at 6) On November 25, 2015, Judge Graves advised Plaintiff that the Court had received his request for writ of prohibition on November 19, 2015, that it was untimely, that Plaintiff had filed 21 motions for postconviction relief plus motions to correct an illegal sentence, and that Plaintiff "long

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

ago lost any standing to contest [his] conviction." (*Id.* at 8) Judge Graves ordered the New Castle County Prothonotary to docket any other motions, petitions or applications, but to not send them to Judge Graves or any other judge for consideration. (*Id.*)

On April 10, 2018, the Superior Court of the State of Delaware returned filings to Plaintiff because the "Court has deemed frivolous filers and documents need permission from a judge before they can proceed." (*Id.* at 9-12) On May 8, 2018, Judge LeGrow advised Plaintiff that his Rule 35(a) motion would not be ruled on for reasons previously stated, and denied Plaintiff's motion to file as moot. (*Id.* at 16)

On June 22, 2018, Plaintiff was advised by the Supreme Court of the State of Delaware that it had received his complaint in proceedings for extraordinary writ. (D.I. 5-1 at 3) The documents were refused for filing on the grounds that they were insufficient to invoke the Court's jurisdiction and were a blatant and inappropriate attempt to appeal the Superior Court's May 8, 2014 order denying Plaintiff's Rule 35(a) motion. (*Id.*)

For relief, Plaintiff asks this Court to lift the injunction and permit him to file a Criminal Rule 35(a) petition in the State Court.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental

2

defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to

amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, \_\_U.S.\_\_, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that

4

the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Judicial Immunity

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (citations omitted).

Here, Plaintiff complains of actions taken by Defendants in their judicial capacities and in actions they took as judicial officers. It is clear that neither Defendant acted outside the scope of their judicial capacity, or in the absence of their jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Defendants are immune from suit. The claims lack an arguable basis in law or in fact and will be dismissed as frivolous and based upon Defendants' immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2).

### B. Habeas Corpus

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v.*

*Thompson*, 435 F. App'x 56 (3d Cir. 2011). Furthermore, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering Heck and summarizing the interplay between habeas and § 1983 claims, the Supreme Court explains that, "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. Indeed, the exhibits he provides indicate he has unsuccessfully sought to overturn his conviction on multiple occasions. Therefore, the Court will dismiss any claims attacking his conviction to the extent that is his intent.

## V. CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint as frivolous and based upon Defendants' immunity from suit pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2). Amendment is futile.

An appropriate order will be entered.