IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN S. EPPERSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-1576-CFC |
| T. HENLEY GRAVES, et al., | : |
| Defendants. | : |

**MEMORANDUM**

**I.    INTRODUCTION**

Plaintiff Kevin S. Epperson ("Plaintiff"), a former inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, now housed at SCI Somerset in Somerset, Pennsylvania, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) On May 10, 2019, the Court screened the case and dismissed it based upon Defendants' immunity from suit. (D.I. 14; D.I. 15). Plaintiff moves for reconsideration. (D.I. 20; D.I. 24). He also seeks my recusal. (D.I. 25) The matter is currently on appeal. *See Epperson v. Graves*, No. 19-2233 (3d Cir.).

**II.    BACKGROUND**

Plaintiff moves for reconsideration in light of the FCIA (*i.e.*, Federal Courts Improvements Act) amendment and on the grounds that amendment is not futile. (D.I. 20; D.I. 24) As discussed in the Court's screening order, the Complaint alleges that Superior Court Judge T. Henley Graves ("Judge Graves") and Superior Court Judge Abigail LeGrow ("LeGrow") denied Plaintiff access to the courts to challenge violations

of his constitutional rights. Plaintiff takes exception to rulings by Judge Graves and Judge LeGrow in his criminal trial and in petitions he filed collaterally attacking his criminal conviction.

On June 5, 2006, the Supreme Court of the State of Delaware enjoined Plaintiff from filing any claims in its court without first seeking leave after Plaintiff filed what appeared to be his eighth postconviction motion since Plaintiff's direct appeal of his criminal conviction was decided in 1997. (D.I. 5-1 at 6) On November 25, 2015, Judge Graves advised Plaintiff that the Court had received his request for writ of prohibition on November 19, 2015, that it was untimely, that Plaintiff had filed 21 motions for postconviction relief plus motions to correct an illegal sentence, and that Plaintiff "long ago lost any standing to contest [his] conviction." (*Id.* at 8) Judge Graves ordered the New Castle County Prothonotary to docket any other motions, petitions or applications, but to not send them to Judge Graves or any other judge for consideration. (*Id.*)

On April 10, 2018, the Superior Court of the State of Delaware returned filings to Plaintiff because the "Court has deemed frivolous filers and documents need permission from a judge before they can proceed." (*Id.* at 9-12) On May 8, 2018, Judge LeGrow advised Plaintiff that his Rule 35(a) motion would not be ruled on for reasons previously stated, and denied Plaintiff's motion to file as moot. (*Id.* at 16)

On June 22, 2018, Plaintiff was advised by the Supreme Court of the State of Delaware that it had received his complaint in proceedings for extraordinary writ. (D.I. 5-1 at 3) The documents were refused for filing on the grounds that they were insufficient to invoke the Court's jurisdiction and were a blatant and inappropriate

attempt to appeal the Superior Court's May 8, 2014 order denying Plaintiff's Rule 35(a) motion. (*Id.*) For relief, Plaintiff asks this Court to lift the injunction and permit him to file a Criminal Rule 35(a) petition in the State Court.

On May 10, 2019, this Court dismissed Plaintiff's Complaint finding that it lacked an arguable basis in law or in fact and that Defendants had judicial immunity. (D.I. 14; D.I. 15) The Court also dismissed any claims attacking Plaintiff's conviction to the extent that was his intent. (*Id.*) Unhappy with dismissal, Plaintiff filed a notice of appeal and three weeks later filed his first motion for reconsideration. (D.I. 18; D.I. 20) He recently filed a second motion for reconsideration and a motion seeking my recusal. (D.I. 24; D.I. 25)

### III. MOTIONS FOR RECONSIDERATION

#### A. Legal Standards

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may

not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

**B.    Discussion**

Plaintiff seeks reconsideration on the grounds that there is no immunity for declaratory judgments, that immunity is not available to state judges, and that Defendants are not immune from equitable and declaratory relief. (D.I. 20 at 2; D.I. 24 at 2) Plaintiff argues that the State Court judges should not have enjoined him from filing "simply based on his litigiousness" and that his right of access to the courts has been denied and obstructed by Delaware State Courts and this court. (D.I. 20 at 15-19; D.I. 24 at 12-19) Plaintiff wants this Court to "lift" the injunction in State Court so that the State Court could "fix" its error under Plaintiff's Rule 35(a) motion for correction of an illegal sentence. (D.I. 24 at 11)

In both motions for reconsideration, Plaintiff alleges that I gave him false information in a 2018 order "which altered and hinders [his] development to correct error of law" and that I insisted he file an action under 42 U.S.C. § 1983. (D.I. 20 at 4; D.I. 24 at 6) Plaintiff does not identify the case, but presumably he is referring to a September 19, 2018 memorandum and order I entered in *Epperson v. Metzger*, Civ. No. 18-1271-CFC, that denied Plaintiff's unauthorized second or successive petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254 for lack of jurisdiction and that declined to issue a certificate of appealability. *See id.* at D.I. 4; D.I. 5. The memorandum advised Plaintiff that, to the extent he alleged denial of access to the courts in his § 2254 petition, he had improperly presented the argument and instead, the claim must be presented in a civil rights action pursuant to 42 U.S.C. § 1983. *See id.* at D.I. 4 at 3. Plaintiff goes on to argue in great detail why, in his opinion, the memorandum and order in Civ. No. 18-1271-CFC was wrong, misleading, and unfairly prejudicial. (D.I. 20 at 5-12; D.I. 24 at 5-10)

Plaintiff improperly seeks reconsideration of the September 9, 2019 memorandum and order entered in Civ. No. 18-1271-CFC. Plaintiff is adept at maneuvering the legal system, and he is aware that such a motion must be filed in the case where the order was entered.

Plaintiff's position that Defendants do not have immunity from suit is unavailing. The claims asserted against Defendants arise solely from their actions in adjudicating Plaintiff's numerous filings related to his criminal conviction. In enjoining Plaintiff from filing any claims without first seeking leave from the Court, Defendants clearly acted in their capacity as judges in Delaware State Courts on matters within their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978) ("Factors which determine whether an act is a 'judicial act' 'relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'").

In addition, contrary to Plaintiff's position, he has not been denied access to the courts. Rather, he must seek leave before filing any claims and he was enjoined from

5

filing only after a finding that his eighth motion for postconviction relief was frivolous and constituted an abuse of the judicial process. (*See* D.I. 5-1 at 6) In addition, the record reflects that Plaintiff's subsequent filings were reviewed and, in some instances docketed and not considered, while in others returned as deemed frivolous. (*Id.* at 8-12, 16)

Plaintiff's reliance upon the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, 110 Stat. 3847 (1996) is unavailing. The FCIA amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory was unavailable." The clear purpose of the FCIA is to protect judges from injunctive suits challenging actions taken in their adjudicatory capacities. *See Karash v. Erie Cty. Municipality*, 2016 WL 3671518, at *4 n.3 (W.D. Pa. July 11, 2016). Because Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief he seeks does not address the actions of Defendants other than in their judicial capacities, his claim for injunctive is barred. *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006).

Finally, Plaintiff's request is barred by the *Rooker–Feldman* doctrine as his motions are "brought by [a] state-court loser [ ] complaining of injuries caused by [] state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

6

Upon review of Plaintiff's motions for reconsiderations and the filings in the case, the Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's May 10, 2019 memorandum opinion and order. The Court will deny his motions for reconsideration. (D.I. 20; D.I. 24)

## IV. RECUSAL

Plaintiff moves for my recusal and disqualification pursuant to 28 U.S.C. § 144, on the grounds that I have "shown an impartiality which might be reasonably questioned." (D.I. 25) The motion also appears to seek my recusal under Fed. R. Civ. P. 60(b)(4). (*Id.* at 11-13)

Plaintiff submitted a combined motion and affidavit to support his motion for disqualification under § 144. Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." In Plaintiff's affidavit, he states that I provided him "false misleading information from the inception through [the] appeal process." (D.I. 25 at 4) He argues that his timely post-decision motion, attachments, exhibits, and affidavit establish his right to relief. The combined affidavit and motion rehashes and reargues Plaintiff's position that State Court rulings enjoining Plaintiff from filing in State Court without first obtaining permission violate Plaintiff's constitutional rights, as well as Plaintiff's contention that he was given false and misleading information in the Memorandum and Order entered in Civ. No. 18-1271-CFC.

7

As a threshold matter, it is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit. *United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973) (stating that the mere filing of an affidavit "does not automatically disqualify a judge"). The United States Court of Appeals for the Third Circuit has held that the challenged judge must determine only the sufficiency of the affidavit, not the truth of the assertions. *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976). An affidavit is legally sufficient if the facts alleged therein: (1) are "material" and "stated with particularity," (2) "would convince a reasonable person that a bias exists," and (3) evince bias that "is personal, as opposed to judicial, in nature." *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

Plaintiff's allegations of bias consist of subjective conclusions and disagreements with this Court's legal rulings in this and other cases wherein Plaintiff is a party. *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations). The Third Circuit has "repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

Here, Plaintiff has not met the requirements of § 144, and his motion for recusal under 28 U.S.C. § 144 will be denied.

Plaintiff also appears to seek relief under Rule 60(b)(4). Rule 60(b)(4) provides that the court may relieve a party from a final judgment, order, or proceeding when the judgment is void. Fed. R. Civ. P. 60(b)(4). Plaintiff seems to argue a violation of his right to due and defamation caused by stigma because a different case he filed,

*Epperson v. Beckles*, Civ. No 18-1618 (D. Del.), was dismissed as frivolous. The Court does not consider Rule 60(b)(4) as it does not pertain to the instant case and notes that, in *Epperson v. Beckles*, Plaintiff filed a Rule 60(b)(4) motion as well as a motion for recusal and disqualification with a combined Rule 60(b)(4) motion identical to the one filed in this case. See Civ. No. 18-1618-CFC at D.I. 24 and D.I. 25.

**V.    CONCLUSION**

For the above reasons, the Court will: (1) deny the motions for reconsideration. (D.I. 20; D.I. 24); and (2) deny the motion for recusal and disqualification (D.I. 25)

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

October 7, 2019
Wilmington, Delaware