IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN S. EPPERSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-1576-CFC |
| T. HENLEY GRAVES, et al., | : |
| Defendants. | : |

**MEMORANDUM**

I.  **INTRODUCTION**

Plaintiff Kevin S. Epperson ("Plaintiff"), a former inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, now housed at SCI Somerset in Somerset, Pennsylvania, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) On May 10, 2019, the Court screened the case and dismissed it as frivolous and based upon Defendants' immunity from suit. (D.I. 14; D.I. 15) Plaintiff filed motions for reconsideration and sought my recusal while the matter was on appeal before the United States Court of Appeals for the Third Circuit ("Court of Appeals"). (*See* D.I. 18; D.I. 20; D.I. 24; D.I. 25); *Epperson v. Graves*, No. 19-2233 (3d Cir.). A memorandum and order denying the motions was entered on October 7, 2019. (D.I. 27; D.I. 28) Plaintiff now seeks relief pursuant to Fed. R. Civ. P. 60(b)(4). (D.I. 29; D.I. 30; D.I. 31)

II.  **BACKGROUND**

Plaintiff moves for relief under Rule 60(b)(4). Plaintiff has filed three motions. The first on October 11, 2019 at Docket Item 29 ("the first motion"); the second on

November 6, 2019 at Docket Item 30 ("the second motion"); and the third on November 6, 2019 at Docket Item 31 ("the third motion"). The motions do not refer to a particular order entered by the court. However, it appears that the three motions were filed in response to the October 7, 2019 memorandum and order that denied Plaintiff's motions for reconsideration and for my recusal.

As discussed in prior memoranda, Plaintiff alleges that Superior Court Judge T. Henley Graves ("Judge Graves") and Superior Court Judge Abigail LeGrow ("LeGrow") denied him access to the courts to challenge violations of his constitutional rights. (*See* D.I. 14; D.I. 27) On May 10, 2019, this Court dismissed Plaintiff's complaint finding that it lacked an arguable basis in law or in fact and that Defendants had judicial immunity. (D.I. 14; D.I. 15) The Court also dismissed any claims attacking Plaintiff's conviction to the extent that was his intent. (*Id.*) Unhappy with dismissal, Plaintiff filed a notice of appeal, two motions reconsideration, and a motion seeking my recusal. As noted, the Court denied the motions for reconsideration and motion for recusal. Undeterred, Plaintiff filed the three pending motions for relief under Rule 60(b)(4). On November 8, 2019, the Court of Appeals dismissed Plaintiff's appeal of the dismissal order for failure to timely prosecute. (*See* D.I. 34)

III. **LEGAL STANDARDS**

Federal Rule of Civil Procedure 60(b)(4) provides relief from judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment can be void on two grounds: (1) if the rendering court lacked subject matter jurisdiction; or (2) if it acted in a manner inconsistent with due process of law. *Mauro v. New Jersey Supreme Court*, 238 F. App'x 791, 793 (3d Cir. 2007). A Rule 60(b)(4) motion on the grounds that a judgment

is void may be brought at any time. See *United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000) (en banc).

## IV. DISCUSSION

The first motion appears to seek relief on the grounds that this Court was in "contempt" of an order entered by the Court of Appeals because the District Court had not ruled on post-decision motions prior to Plaintiff's filing his notice of appeal. (D.I. 29 at 6-8) The second motion appears to seek relief on the grounds that Plaintiff's claims are "meritorious – having legal worth," that he is entitled to declaratory relief, that Judge Graves committed prejudicial error in Plaintiff's Delaware criminal trial, and that Plaintiff's constitutional rights were violated. The third motion appears to seek relief on the grounds that I should have granted Plaintiff's motion for my recusal.

Plaintiff's assertions do not provide the relief he requests. Plaintiff filed his notice of appeal prior to the time he filed his first and second motions for reconsideration. In most instances, motions for reconsideration are filed and ruled upon before a party files a notice of appeal. Also, the Court thoroughly addressed Plaintiff's claims when it screened Plaintiff's complaint and found the claims frivolous and that Defendants had judicial immunity. Finally, I thoroughly addressed Plaintiff's motion for my recusal in the October 7, 2019 memorandum and order.

The Third Circuit has stated that a judgment or order may be void if the rendering court lacked jurisdiction over the subject matter or the parties or acted outside the powers granted to it by law. *Marshall v. Bd. of Educ., Bergenfield, N.J.*, 575 F.2d 417, 422 (3d Cir. 1978) (internal citations and quotations omitted). However, a judgment or order is not void merely because it is erroneous. *Id.* Plaintiff does not contend that

3

Court was without power to issue its orders. He simply disagrees with their outcomes.

Nothing in Plaintiff's filings demonstrate that this Court's judgment(s) is/are void under Rule 60(b)(4). Therefore, the motions will be denied.

## V. CONCLUSION

For the above reasons, the Court will deny the motions for relief under Fed. R. Civ. P. 60(b)(4). (D.I. 29; D.I. 30; D.I. 31)

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

January 21, 2020
Wilmington, Delaware